# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TZDIQUAH BAH'T YISRA-EL, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:11CV881 RWS |
| ) | |
| CITY OF FERGUSON MUNICIPAL ) | |
| COURT, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court Plaintiffs' motions for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motions, the Court finds that Plaintiffs are financially unable to pay any portion of the filing fee. As a result, Plaintiffs will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a Defendant who is

immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named Defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiffs Tzdiquah Bah't Yisra-El, Mijakelita Isa-Al, and Raphael Yisra-El bring this action against Defendants City of Ferguson Municipal Court, Mills Properties, Inc., Christal Brown, and the City of Ferguson Police Department and Arresting Code Enforcers under 42 U.S.C. § 1983 for alleged constitutional violations. Plaintiffs also allege violations of copyright law, RICO, and other laws. The complaint, which is largely nonsensical, alleges that Plaintiffs, as "Moors" or "Moorish Americans," are sovereign beings and are not subject to the laws of the United States, Missouri, or of the local municipalities.

Plaintiffs Tzdiquah Bah't Yisra-El allege that they used to live at the Versailles Apartments, where they were exposed to "Black Toxic Mold." Defendant Christal

Brown is alleged to be the property manager at the Versailles Apartments. Plaintiffs claim that they were living at Apartment 307 without paying rent from January 3, 2011, through May 3, 2011, when they were evicted. Plaintiffs state that Brown called the City of Ferguson Police Department to remove them from the property.

Plaintiffs Tzdiquah Bah't Yisra-El allege that unnamed police officers tazed them, abused them, and arrested them, all in violation of their supposed rights as "sovereign" beings. Plaintiffs claim that their copyrights were violated when police officers wrote their names on police reports.

Plaintiffs Tzdiquah Bah't Yisra-El allege that they were detained for four days in unsanitary conditions. They allege that they were forced to drink from toilets and were forced to lay on floors with blood and fecal matter present.

Plaintiffs allege that they were brought before the City of Ferguson Municipal Court for criminal proceedings. Plaintiffs claim that the state courts do not have jurisdiction over them because they are sovereign entities.

## Discussion

Plaintiffs' allegations regarding their sovereign status are legally frivolous. Each of their allegations that are predicated on their sovereign status, i.e., their copyright, RICO, kidnapping, embezzlement, slander, money laundering, UCC, and other miscellaneous claims, are legally frivolous.

"[C]ourts as entities are not vulnerable to § 1983 suits, because they are protected by state immunity under the eleventh amendment. A court is not a 'person' within the meaning of the Civil Rights Act." Harris v. Missouri Court of Appeals, Western Dist., 787 F.2d 427, 429 (8th Cir. 1986) (citation omitted). As a result, Plaintiffs' claims against the City of Ferguson Municipal Court are legally frivolous.

Plaintiffs' § 1983 claims against Mills Properties, Inc., and Christal Brown are frivolous because these Defendants are not state actors.

Plaintiffs' claims against the City of Ferguson Police Department and Arresting Code Enforcement are legally frivolous because this Defendant is not a suable entity. Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 81 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such."); Catlett v. Jefferson County, 299 F. Supp. 2d 967, 968-69 (E.D. Mo. 2004) (same). As a result, the Court will dismiss this action under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motions to proceed in forma pauperis [docs. #2, 3, 4] are **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS HEREBY CERTIFIED** that an appeal would not be taken in good faith because this action is wholly frivolous.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 24th day of May, 2011.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE